UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
) No. 2:21-CR-39
v. )
) JUDGE GREER
JERRY LEON BLANKENSHIP )

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, JERRY LEON BLANKENSHIP, and the defendant's attorney, Cameron C. Kuhlman, Esq., have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

    a) Count One. Count One charges the defendant with the offense of false use of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). The punishment for this offense is as follows: imprisonment of not more than five years, a fine of not more than $250,000, supervised release of not more than three years, and a mandatory assessment of $100.

    b) Count Two. Count Two charges the defendant with the offense of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The punishment for this offense is as follows: a mandatory term of imprisonment of two years that must run consecutive to any other sentence, a fine of not more than $250,000, supervised release of not more than one year, and a mandatory assessment of $100.

2. There are no remaining counts in the indictment. The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the indictment in

this case and that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

Law enforcement in the state of Tennessee became aware of these offenses when a detective from the Avery County, North Carolina Sheriff's Office contacted Sgt. Knipper with the Tennessee Highway Patrol, Criminal Investigation Division about a victim of ID theft in North Carolina. That victim, R.C., reported that he had been plagued with identity theft issues for over twenty years. The most recent took place in March 2021 when the victim received a notice from Walgreens regarding a COVID-19 vaccination being administered to him, which was not administered. He was able to provide an address of 1720 Bullard Drive in Newport, Tennessee as the potential address the imposter was using.

Sgt. Knipper was able to determine that on August 20, 2017, Mr. Blankenship caused the submission of an online application to renew a previously obtained Tennessee driver's license in the name of R.C. As part of the online application, defendant caused the use of the victim's name, date of birth, and Social Security number to represent that he was the victim when he was not. The application resulted in the issuance of a third Tennessee driver's license in the victim's name with the defendant's photograph.

2

As part of his investigation, Sgt. Knipper obtained video surveillance from the Walgreen's in Newport, Tennessee where the victim's identifiers were used by someone obtaining a COVID-19 vaccination in the victim's name. That surveillance footage revealed defendant was the person who had done so.

At all times material to the indictment, defendant knew the victim was a real person. On May 27, 2021, in connection with his arrest and after being provided with *Miranda* warnings, defendant made admissions about his use of the victim's name and identifiers.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful terms of imprisonment, any lawful fines, and any lawful term of supervised release up to the statutory maximums;

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

d) Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, and in consideration of the terms of this plea agreement and the policy statement set forth in U.S.S.G. § 6B1.2(b) and related commentary, the United States and the defendant agree and stipulate, and agree <u>to recommend</u> at the time of sentencing, that defendant's base offense level for count one is 6 in accordance with U.S.S.G. § 2B1.1(a)(2). The United States agrees not to seek the application of any other specific offense characteristics or enhancements to the defendant's sentence and shall recommend to the Court that no other enhancements should apply, apart from the required, mandatory sentence resulting from defendant's plea to count two. The defendant understands and agrees that the recommendations set forth in this paragraph are made pursuant to Rule 11(c)(1)(B) and, as such, are not binding on the Court. The defendant further understands and agrees that if the

4

recommendations set forth in this paragraph are rejected by the Court, that rejection may not be used by the defendant as a basis to rescind this plea agreement or withdraw the defendant's guilty plea.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines or a request by the defendant that he be sentenced at the low end of his advisory guideline range. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of any additional offenses prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines and to oppose a request for sentencing at the low end of defendant's sentencing guideline range.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offenses.

10. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be

5

considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

      a)     If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b)     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's convictions or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's convictions or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be

7

sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the

8

defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

8/25/21
Date

By: *[signature]*
Mac D. Heavener, III
Assistant United States Attorney

8 24 21
Date

*Jerry Leon Blankenship*
Jerry Leon Blankenship
Defendant

8/24/2021
Date

*[signature]*
Cameron C. Kuhlman
Attorney for the Defendant

9