UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 2:21-CR-39 |
| v. | ) | |
| | ) | JUDGE GREER |
| JERRY LEON BLANKENSHIP | ) | |
| a/k/a R.T.C. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States, through the United States Attorney for the Eastern District of Tennessee, files this sentencing memorandum in accordance with Rule 83.9(j), Local Rules (E.D. Tenn.). The Government requests that the Court sentence defendant to a term of 27 months in federal prison. This recommendation includes a two-year, consecutive sentence on count two. The Government's requested sentence is within the advisory guideline range, properly balances the sentencing factors under 18 U.S.C. § 3553(a), and is a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

**I.     PROCEDURAL BACKGROUND**

On May 11, 2021, the Federal Grand Jury returned a two-count indictment against the defendant [Doc. 4]. The indictment charges the defendant with fraudulent use of the victim's Social Security number in violation of 42 U.S.C. § 407(b) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a). *Id.*

The Government and defendant entered into a written plea agreement [Doc. 15], and in accordance with that plea agreement, defendant entered a guilty plea to each count of the indictment on October 4, 2021 [Doc. 19]. Sentencing is set for March 21, 2022, at 1:30 p.m. *Id.*

The United States Probation Office has prepared a Presentence Investigation Report ("PSR") [Doc. 21], and no objections to the PSR exist [*See* Docs. 22 and 23].

## II. FACTUAL BACKGROUND

The facts are outlined in defendant's plea agreement [Doc. 15 at 2-3] and the PSR [Doc. 21 at 4-5].

The undisputed facts are simple. Defendant enlisted in the United States Navy in 1976. PSR ¶39. He deserted the next year. *Id.* He has been living a false life under the appropriated name of the victim for some time. Using the victim's name and identifiers, he began a new life in Newport, Tennessee. Since 2005, defendant has fraudulently obtained at least three Tennessee driver's licenses, including his most recent in August 2017. *Id.* ¶¶ 9, 12.

Defendant's criminal use of the victim's name and identifiers has been going on for decades. *Id.* ¶8. The victim, a North Carolina resident, has been responding to issues from defendant's use of his identification for some time, and the true facts came to light after defendant used the victim's name and identifiers to obtain a COVID-19 vaccination at a Walgreens store in Newport, resulting in an automatic notification to the true person whose initials are R.T.C. *Id.*

While defendant has lived a false life for decades, his actions have resulted in non-financial consequences, too. As the Magistrate Judge found during following his detention hearing, "Defendant has been dishonest about his name, date of birth, and Social Security number with almost everyone, including his girlfriend of thirty years." Indeed, the PSR notes defendant married his wife in the 80s, is separated from her, but remains legally married. *Id.* ¶38. Defendant has three children by his "girlfriend," Crystal Parker. *Id.* In reality, defendant, his lawful wife, and his "girlfriend" reside together. The girlfriend, Ms. Parker, is actually defendant's daughter by marriage, and his relationship with her is incestuous. Ms. Parker did not learn who defendant really was until the date of his arrest on these charges.
.

### III. STATUTORY MAXIMUM SENTENCE

Defendant is guilty of fraudulent use of a Social Security number. For that offense, defendant faces a statutory maximum sentence of not more than five years in prison, a fine of not more than $250,000, supervised release of not more than three years, and a special assessment of $100. *See* 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. §§ 3571(b)(1), 3583(b)(2), and 3013(a)(2)(A). Defendant also is guilty of aggravated identity theft in violation of 18 U.S.C. § 1028A. For that offense, defendant faces a mandatory consecutive sentence of two years in prison, a fine of not more than $250,000, supervised release of not more than a year, and a special assessment of $100. *See* 18 U.S.C. §§ 1028A(a)(1), 3571(b)(3), 3583(a)(2), and 3013(a)(2)(A).

### IV. ADVISORY GUIDELINE RANGE AND GUIDELINE OBJECTIONS

The advisory guidelines are important because sentences falling within those guidelines "are generally presumed to be reasonable." *United States v. Muchow*, 924 F.3d 272, 275 (6th Cir. 2019); *see United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (presumption of reasonableness appropriate because "there is a confluence between the national views of the Sentencing Commission and the independent views of a sentencing judge, [and] that 'double determination significantly increases the likelihood that the sentence is a reasonable one'") (citation omitted).

Here, the United States Probation Office calculated an offense level of 4 and a criminal history category of I. Due to the mandatory, consecutive sentence for the 1028A offense, this yields an advisory sentencing range of 24 to 30 months. The United States requests a sentence at the middle of that range, due largely to the aggravating nature and circumstances of the offense.

### V. 18 U.S.C. § 3553(a) FACTORS

The Government's requested 27-month sentence takes into account the sentencing factors outlined in 18 U.S.C. § 3553(a).

3

### A. The Nature and Circumstances of the Offense

Initially, the Court must look to the *nature* and *circumstances* of the offenses. In this regard, the victim has been plagued by the on-going nature of defendant's crimes for years.

Defendant faces a maximum term of imprisonment of 5 years. Within Congress's sentencing classification scheme, fraudulent use of a Social Security number is a Class D felony. *See* 18 U.S.C. § 3559(a)(4). And, defendant's use of another person's means of identification triggers a mandatory term of two years in prison. *See* 18 U.S.C. § 1028A(a)(1). Thus, the potential sentences—up to seven years—show Congress deemed defendant's offenses serious.

The *circumstances* of the identity theft also show aggravation and support a guideline sentence. These circumstances include the following:

- Defendant used the victim's identity as a means to facilitate his desertion from the military.
- Defendant's offense has been going on for decades.
- Defendant has continually used the victim's identity as a means of avoiding military justice.
- Defendant has committed financial crimes using the victim's identity, although these are now too remote in time to prosecute.
- Defendant impersonated the victim when obtaining an important COVID-19 vaccine.
- Defendant has lived a lie for decades, including having children with his legal daughter.

The circumstances of this case are unique and aggravating. They include desertion from the military (a potential capital offense when the nation is at war), misappropriation of another person's identity when obtaining an emergency vaccination against a once-in-a-lifetime pandemic, and incest. The circumstances are weightier than most and well support a Guideline sentence.

### B. The History and Characteristics of the Defendant

Defendant's history and characteristics support the Government's recommendation as well. Although defendant has lived a law-abiding life, he has done so as an imposter. Worse, he has lived

4

as an imposter due to his desertion from the military. That aspect of his history and characteristics sets him apart from other offenders with no criminal history. Also, defendant likely could have faced additional offenses, including Tennessee incest charges, but they are too old. Defendant should not enjoy the benefit of a clean record and the statute of limitations.

Defendant's history and characteristics, then, support a guideline sentence.

### C. The Statutory Purposes of Sentencing

The need to address the statutory purposes of sentencing also support a serious sentence here. The Government's requested sentence will recognize the seriousness of the offense and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). The requested sentence will also promote respect for the law.

A guideline sentence also will afford deterrence and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(2)(B) and 3553(a)(2)(C). The facts of this case, in a word, are unique. Deterrence here will serve two purposes. Of course, a Guideline sentence will deter theft of other people's identities as with any other sentence in an identity theft case. Uniquely, though, a Guideline sentence here will deter desertion from the military, as the consequences of deserting and living under a new name will be dealt swift and severe punishment. That deterrence interest is present uniquely in this case.

### D. The Need to Avoid Unwarranted Sentencing Disparities

The Government's recommended sentence will avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). The recommended sentence is within the defendant's advisory Guidelines. A sentence within the advisory Guidelines, of course, serves the sentencing purpose of treating similar offenders similarly. A primary reason why Congress established the United States Sentencing Commission and authorized promulgated guidelines was to provide "reasonable

5

Case 2:21-cr-00039-JRG-CRW   Document 24   Filed 03/07/22   Page 5 of 7   PageID #: 68

uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses by similar offenders." USSG Ch.1, Part A, intro. comment. (n.3). The Government's recommended sentence is within the Guideline range and, by definition, supports this 3553(a) factor.

A recent report and study from the United States Sentencing Commission addressing sentences for defendants charged with aggravated identity theft under 1028A lends further support for the Government's recommended sentence here. *See* Mandatory Minimum Penalties for Identity Theft Offenses in the Federal Criminal Justice System (U.S. Sent. Comm. Sept. 2018) (located at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180924_ID-Theft-Mand-Min.pdf ). In its report, the Sentencing Commission reported that the average sentence for defendants whose convictions included a 1028A charge was 51 months, and the average sentence for identity theft offenders who were not convicted under 1028A was 37 months. *Id.* at 29. Here, the lengthier sentence is on account of drugs and a firearm.

While some statistical data supports the government's recommendation, to avoid unwarranted sentencing disparities the Court simply needs to compute the Guidelines accurately. "For when a district court correctly does so, it has 'necessarily taken into account the need to avoid unwarranted sentence disparities, viewed nationally.'" *United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021) (quoting *United States v. Houston*, 529 F.3d 743, 754 (6th Cir. 2008)).

### E. The Need for Restitution

Restitution does not appear at issue in this case, and the United States will defer to time of sentencing and receipt of the victim's statement, if any, for that. *See* 18 U.S.C. § 3553(a)(7).

6

Case 2:21-cr-00039-JRG-CRW   Document 24   Filed 03/07/22   Page 6 of 7   PageID #: 69

## VI. CONCLUSION

For the reasons outlined above, the Government respectfully requests that the Court sentence defendant to 27 months in prison (three months on count one and a mandatory 24-month consecutive term on count two) followed by three years of supervised release.

Respectfully submitted, this 7th day of March, 2022.

>                    FRANCIS M. HAMILTON, III
>                    UNITED STATES ATTORNEY
>
> By:    *s/ Mac D. Heavener, III*
>        Mac D. Heavener, III
>        Fla. Bar No. 0896748
>        Assistant United States Attorney
>        220 West Depot Street, Suite 423
>        Greeneville, Tennessee 37743
>        (423) 639-6759
>        Mac.Heavener@usdoj.gov